UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE PATRICK HENSLEY AND BURL HENSLEY, AS HEIRS AT LAW TO ANNA SHIRLENE HENSLEY, DECEASED <br> V. <br><br> DILLARD'S, INC. D/B/A DILLARD TEXAS EAST, LLC, AND DILLARD TEXAS FOUR-POINT, LLC AND DOOR SERVICES CORPORATION D/B/A HORTON AUTOMATIC DOOR CORPORATION | § § § § § § § § § § § § § CIVIL ACTION NO. 4:21-CV-3813 |

## NOTICE OF REMOVAL

Defendants Dillard's, Inc., incorrectly named as Dillard's Inc. d/b/a Dillard Texas East, LLC ("Dillard's") and Dillard Texas Four-Point, LLC, ("Dillard Texas Four-Point") (collectively "Defendants") file this Notice of Removal pursuant to 28 U.S.C. § 1332(a) to remove the present action to the United States District Court for the Southern District of Texas, Southern Division, and state as follows:

## INTRODUCTION

1.  This lawsuit was initiated on October 4, 2021, when Plaintiffs Patrick Hensley and Burl Hensley, as heirs at law to Anna Shirlene Hensley, deceased ("Plaintiffs"), filed their Original Petition in Cause No. 2021-64391 in the 113th Judicial District Court of Harris County, Texas against Defendants.[1] The suit arises from an incident that occurred on or about March 4, 2020 in Harris County, Texas (the "Incident"). Plaintiffs contend that Ms. Hensley was injured as she was exiting the Dillard's department store in Friendswood, Texas. Specifically, they claim that an automatic door closed on her, causing her to fall to the ground. Ms. Hensley was

---

[1] *See* Exhibit A, Plaintiffs' Original Petition, attached hereto and incorporated herein.

transported from the Dillard's store by ambulance to the hospital. Plaintiffs further contend that Ms. Hensley suffered serious injuries, including a fractured hip, and that her health declined rapidly thereafter. Ms. Hensley died on December 19, 2020.

2.  Defendants were served with Plaintiffs' Original Petition on October 21, 2021.[2] Defendants filed their Original Answer in the 133th Judicial District Court, Harris County, Texas on November 15, 2021.[3]

## GROUNDS FOR REMOVAL—DIVERSITY OF CITIZENSHIP

3.  Removal is proper because there is complete diversity of citizenship between the parties and the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a) (1). Specifically:

    a. According to Plaintiffs' Original Petition, Plaintiffs are residents and citizens of Texas.[4]

    b. Dillard's is a Delaware corporation with its principal office in Little Rock, Arkansas.[5] Accordingly, with regard to Dillard's, there is complete diversity.

    c. Dillard Texas Four-Point is a limited liability company ("LLC") whose sole member is Dillard Texas, LLC.[6] The sole member of Dillard Texas, LLC is DSS Uniter, LLC.[7] The sole member of DSS Uniter, LLC is Dillard Store Services, Inc, which is an Arizona corporation with its principal office in Arizona.[8] The citizenship of a limited liability company ("LLC") for purposes of diversity is based upon the citizenship of the LLC's members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *see also Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). Accordingly, with regard to Dillard Texas Four Point, there is complete diversity.

    d. Co-Defendant Door Services Corporation (incorrectly sued as "Door Services Corporation d/b/a Horton Automatic Door Corporation") is a Delaware Corporation with its principal office in Hatfield, Pennsylvania.

---

[2] *See* Exhibit B, Citation of Service.
[3] *See* Exhibit C, Defendants' Original Answer.
[4] *Id.*, at p.1.
[5] *See* Exhibit D, Declaration of Jamie Dorsey, incorporated herein.
[6] *Id.*
[7] *Id.*
[8] *Id.*

2

Accordingly, with regard to Door Services Corporation ("DSC"), there is complete diversity and DSC has consented to this removal, by and through its counsel of record.[9]

e. Plaintiffs' Original Petition states that Plaintiffs seek monetary relief over $250,000.00, but not more than $1,000,000.00.[10] The Petition further contends that this range of damages "does not include interest, statutory or punitive damages and penalties, and attorney's fees or costs." Additionally, although not pled as a wrongful death action, Plaintiffs have suggested that Ms. Hensley (deceased) was seriously injured for a 10-month period of time between the date of the occurrence in question and the date of her death, during which she received medical care as a patient at various medical facilities and long-term nursing care facilities. Accordingly, the amount in controversy clearly exceeds $75,000.00.

## VENUE IN THE SOUTHERN DISTRICT IS PROPER

4.     Plaintiffs filed this action in Harris County, Texas. The Houston Division of the Southern District of Texas encompasses Harris County, Texas. *See* 28 U.S.C § 124(c)(2). Thus, this district and division embrace the place where the state court action is pending. *See* 28 U.S.C. §1441(a).

## PROCEDURAL REQUIREMENTS FOR REMOVAL

5.     Defendants were served with citation on October 21, 2021. This Notice of Removal is filed on November 19, 2021. Therefore, this Notice of Removal is timely filed within 30 days of when Defendant received Plaintiff's Original Petition and within one year of the commencement of this suit. *See* 28 U.S.C. § 1446(b). Additionally, as certified below, Co-Defendant DSC has consented to the removal of this case to federal court.

## NOTICE TO STATE DISTRICT COURT AND PLAINTIFF

6.     Defendants' Notice of Removal has been served upon Plaintiffs and all other parties through their counsel by Notice of Filing/E-File along with email service.

---

[9] See Exhibit E, Notice of Consent, dated November 19, 2021, by Jack E. Little, Jr., for Door Services Corporation, incorrectly sued as "Door Services Corporation d/b/a Horton Automatic Door Corporation."
[10] *See* Plaintiff's Original Petition, at p.3.

Defendants' Notice of Removal is being promptly filed with the Clerk of the 113th Judicial District Court of Harris County and serves immediately to confer exclusive jurisdiction of this cause upon this Court, and divests the state court of all jurisdiction over these proceedings and claims.

7. The filing fee has been paid to the Clerk.

## INDEX OF EXHIBITS FILED

8. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by the following documents:

Exhibit A:   Plaintiffs' Original Petition;

Exhibit B:   Citation of Service;

Exhibit C:   Defendants' Original Answer;

Exhibit D:   Declaration of Jamie Dorsey;

Exhibit E:   Notice of Consent;

Exhibit F:   An index of matters being filed;

Exhibit G:   All executed process in the case, all pleadings asserting causes of action and all answers to such pleadings;

Exhibit H:   A list of all counsel of record, including addresses, telephone numbers, and parties represented.

## CONCLUSION

9. Defendants pray that this action be removed to this Court, that this Court accept jurisdiction of this action in its entirety, and that this action be placed on the docket of the Court for further proceedings as though this action had been initially instituted in this Court.

10. This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiffs' Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

Respectfully submitted,

By: /s/ David L. Merkley
    DAVID L. MERKLEY
    Attorney in Charge
    Texas State Bar No. 00798373
    Federal I.D. No. 21558
    dmerkley@hartlinebarger.com
    ELIZABETH "LISA" MASSEY
    Texas Bar No. 24039039
    Federal I.D. No. 613924
    lmassey@hartlinebarger.com
    Hartline Barger, LLP.
    1980 Post Oak Blvd., Suite 1800
    Houston, TX  77056
    713-759-1990 – Telephone
    713-652-2419 – Facsimile

ATTORNEYS FOR DEFENDANTS DILLARD'S, INC., INCORRECTLY NAMED AS DILLARD'S, INC., D/B/A DILLARD TEXAS EAST, LLC AND DILLARD TEXAS FOUR-POINT, LLC

Consented to:

By: /s/ Jack E. Little, Jr.
    Weinstein Tippets & Little, LLP
    Texas Bar No. 24039039
    Federal Bar No. 12533
    7500 San Felipe, Suite 500
    Houston, Texas 77063
    713-244-0803 – Telephone
    Jack.little@wtllaw.com

ATTORNEY FOR DEFENDANT DOOR SERVICES CORPORATION INCORRECTLY SUED AS "DOOR SERVICES CORPORATION D/B/A HORTON AUTOMATIC DOOR CORPORATION"

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all known counsel of record pursuant to the Texas Rules of Civil Procedure on this 19th day of November, 2021.

                                     */s/ David L. Merkley*
                                     DAVID L. MERKLEY