# **EXHIBIT A**

10/4/2021 11:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57837360
By: Monica Jackson
Filed: 10/4/2021 11:29 AM

No. 202164391

| | | |
|---|---|---|
| In Re PATRICK HENSLEY and<br>BURL HENSLEY, as Heirs at Law<br>to Anna Shirlene Hensley, Deceased,<br><br>Plaintiffs<br><br>Dillard's, Inc., d/b/a Dillard Texas East, LLC,<br>and Dillard Texas Four-Point, LLC, and<br>Door Services Corporation d/b/a<br>Horton Automatic Door Corporation<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF<br><br><br>HARRIS COUNTY, T E X A S<br><br>164th   JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, PATRICK HENSLEY and BURL HENSLEY, Plaintiffs, as Heirs at Law to Anna Shirlene Hensley, Deceased by and through the undersigned counsel, complaining of Dillard's, Inc., d/b/a Dillard Texas East, LLC, and Dillard Texas Four-Point, LLC, ("Defendant Dillard's") and Door Services Corporation d/b/a Horton Automatic Door Corporation ("Defendant Horton Doors"), collectively Defendants, and for cause of action would respectfully show the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intends discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

2. Plaintiff is an individual and resident of the state of Texas.

3. Defendant Dillard's, Inc., d/b/a Dillard Texas East, LLC is a corporation authorized to do business in this state and can be served with citation through its registered agent, CT

1

Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Dillard Texas Four-Point, LLC is a corporation authorized to do business in this state and can be served with citation through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

5. Defendant Horton Doors is a corporation authorized to do business in this state and can be served with citation through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## III.
## MISNOMER/ALTER EGO

6. In the event any parties are misnamed or are not included herein, it is Plaintiffs' contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiffs contend that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## IV.
## JURISDICTION AND VENUE

7. The Court has jurisdiction over the subject matter in controversy because the damages sought by Plaintiffs are within the jurisdictional limits of this Court.

8. Venue is proper in Harris County, Texas, since all or a substantial part of the events or omissions giving rise to the claim occurred in said county.

9. All conditions precedent have occurred.

10. Nothing Plaintiffs did or failed to do caused or contributed to this occurrence.

## V.
## STATEMENT OF MONETARY RELIEF

11. The amount of Plaintiffs' damages is in excess of the jurisdictional minimums of the Court.

Many elements of damages, including pain, suffering, mental anguish in the past and future, past and future physical impairment, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages is uniquely within the province of the jury. Plaintiffs do not at this time seek any certain amount of damages for any of these particular elements of damages but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly compensate Plaintiffs. In order to comply with the pleading requirements of Texas R. Civ. P. 47(c)(3), however, Plaintiffs seek monetary relief over $250,000.00 but not more than $1,000,000.00 and a demand for judgment for all other relief to which Plaintiffs deems themselves entitled. The stated amount in controversy does not include interest, statutory or punitive damages and penalties, and attorney's fees or costs.

## VI.
## FACTS

12. On March 4, 2020, Ms. Shirlene was shopping at the Dillard's Department Store in Baybrook Mall, at 600 Baybrook Mall, Friendswood, Texas 77546. As Ms. Shirlene exited the store, the automatic door closed on Ms. Shirlene, striking her and knocking her to the ground. Ms. Shirlene was assisted by her daughter-in-law, Dillard's employees and bystanders who saw her thrown to the ground by the defective automatic sliding door. The incident was captured by at least one Dillard's security camera. While waiting for paramedics to arrive, a Dillard's employee was also struck and pushed by the defective automatic sliding door while he was standing within the threshold of the door.

13. Ms. Shirlene was transported to the hospital by emergency responders.

14. Ms. Shirlene suffered serious injuries including a fractured hip. Her health declined rapidly

3

following such injury and she passed away on December 19, 2020.

## VII.
## CAUSES OF ACTION

15. Dillard's employees and management had actual knowledge and constructive notice of the defective condition and a reasonable inspection would have uncovered that defective condition prior to the incident.

16. The incident made the basis of this lawsuit resulted from the improper conduct of the Dillard's.

17. Dillard's had a duty to exercise ordinary care and take reasonable steps to provide for its invitees' safety, to exercise reasonable care in maintaining its store in a safe condition during normal hours of operation. In that connection, it must refrain from creating, must guard against and must warn about dangerous conditions or hazards that may pose harm to guests. Dillard's must also provide whatever training, direction and supervision of their employees and agents are necessary to ensure that such duties are consistently adhered to and carried out. Dillard's owed a duty to make sure the automatic sliding door at the entrance/exit of their premises always remained safe, especially when patrons would be in its store. Each and all these duties were breached by the Dillard's. Ms. Shirlene's fall and injuries were due to Dillard's negligence and failure to maintain its store in a safe condition during normal hours of operation.

18. Dillard's was negligent on the occasion in question and proximately caused Plaintiff's injuries by:

    a. Failing to monitor the condition of the automatic sliding door at the entrance/exit of the store;
    b. Failing to properly train its employees;
    c. Failing to properly inspect the condition of the automatic sliding door at the entrance/exit of the store;
    d. Failing to mark off specific areas as hazardous or dangerous;

      e.     Failing to provide proper supervision;
      f.     Failing to provide adequate safety procedures;
      g.     Failing to provide policies to remedy the dangerous condition and/or hazard that it knew of, or in the existence of ordinary care, should have known was present in its store;
      h.     Failing to warn others that a dangerous condition existed;
      i.     Creating a hazard to others; and
      j.     More particularly to be shown at trial.

19. Plaintiff's injuries were caused by a dangerous and defective condition of the automatic sliding door and about which there were no warning signs, written notices, or verbal warnings conspicuously posted or provided to Plaintiff. Specifically, the automatic sliding door failed to remain open to allow Ms. Shirlene safe passage.

20. At all times herein, the acts of Dillard's were undertaken and performed to further Dillard's business.

21. At all times herein, Dillard's had control over the automatic sliding door at the entrance/exit of the Dillard's store.

22. Dillard's was negligent in failing to properly train and instruct its management and employees, in keeping customers safe from the defective automatic sliding door.

23. This was a condition which posed an unreasonable risk of harm. Nothing Ms. Shirlene did or failed to do in any way contributed to her injuries.

24. Plaintiff specifically invokes his right to institute against whatever entity was conducting business under the assumed or common names of "Dillard's Inc. d/b/a Dillard East Texas, LLC," regarding the events described in this Petition. Plaintiff expressly invokes her right under Rule 28 of the Texas Rules of Civil Procedure to have the true name of these parties substituted later upon the motion of any part or of the Court.

25. Plaintiff alleges that Horton Doors was guilty of negligent acts and omissions which

5

proximately caused Plaintiff's fall and injuries. These acts and omissions include, but are not limited to, the following:

- a. failing to properly install, repair and/or maintain the automatic sliding door and, in so doing, creating a dangerous condition on Dillard's premises;

- b. failing to properly inspect the automatic sliding door post-installation and identify the dangerous condition;

- c. failing to properly hire, train, supervise, instruct and/or advise its employees;

- e. failing to remedy, make safe, correct or warn of the dangerous condition; and

- f. other acts of negligence as determined through the discovery process.

26. Each and every act and/or omission by Defendants, collectively and/or singularly, were a proximate cause of the incident in question and the resulting injuries to Ms. Shirlene. Each and every act and/or omission by Defendants put Ms. Shirlene in unnecessary danger and placed her in potential jeopardy for injury.

## IX.
## DAMAGES

27. Plaintiff incorporates by reference all the allegations contained in the preceding paragraphs as though fully set forth herein.

28. This suit is brought pursuant to the terms and provisions of Tex. Civ. Prac. & Rem. Code § 71.021, known as the "Survivor's Act," and pursuant to any and all other applicable laws including the common law of the State of Texas.

29. Ms. Shirlene lived for approximately 10 months after she was thrown to the ground by the defective automatic sliding door at Dillard's premises, receiving medical care as a patient at various medical facilities and long-term nursing care facilities. Plaintiff seeks recovery from Defendant for expenses of Ms. Shirlene's funeral, medical expenses, and

compensation for the suffering Ms. Shirlene was caused to endure from the injuries received in the incident made the basis of this suit until the time of death.

30. Plaintiffs are statutory beneficiaries of Ms. Shirlene, Deceased, and are entitled to bring an action under the "Survivor's Act" and any other applicable laws including the common law of the State of Texas. Mr. Patrick Hensley and Mr. Burl Hensley are decedent's sons.

31. As a direct and proximate result of the conduct of Defendant, Ms. Shirlene was seriously injured. As a direct and proximate result of the injuries to Ms. Shirlene, Plaintiffs have suffered damages in the past and in the future.

32. Plaintiffs have suffered severe grief and mental anguish.

33. Plaintiffs would additionally say and show that they are entitled to recovery of pre-judgment interest in accordance with law and equity as part of Plaintiffs' damages herein, and Plaintiffs here and now sue for recovery of pre-judgment interest as provided by law and equity, under the applicable provisions of the laws of the State of Texas.

34. Plaintiffs respectfully request the Court and jury to determine the sum of money that would fairly and reasonably compensate Plaintiffs for their losses. From the date of the incident in question to the time of trial in this case, the elements of damages to be considered separately and individually for the purpose of determining the amount of loss incurred due to the Defendants' negligence are as follows:

a. Ms. Shirlene's funeral expenses and medical expenses;

b. Ms. Shirlene's mental pain and anguish, meaning the emotional pain, torment, mental anguish and suffering that she suffered from the time of the incident in question until the time of her death;

    c.    All elements of damages available under the survival statute; and

    d.    Reasonable costs, expenses, and interests.

35. These recoverable losses by reasons of the injuries and death of Ms. Shirlene are pled for the past (meaning from the date of the incident until the date of trial) and in the future.

## X.
## RESERVATION OF RIGHTS

36. These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter.

37. As further investigation is conducted, additional facts will surely be uncovered that may and probably will necessitate further, additional, and/or different allegations, including the potential of adding additional parties to or dismissing parties from the case. The right to do so, under Texas law, is expressly reserved.

## XI.
## RULE 193.7 NOTICE

38. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against the Defendant at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.
## JURY DEMAND

39. Plaintiffs respectfully request a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendant be cited to appear herein and answer, and upon final trial and hearing hereof, that Plaintiffs recover damages in

accordance with the evidence, that Plaintiffs recover costs of court herein expended, that Plaintiffs recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiffs may be justly entitled.

>Respectfully submitted,
>
>Womack Law Office PLLC
>
>*/s/ Sydney Meriwether Womack*
>SYDNEY MERIWETHER WOMACK
>State Bar No. 24078715
>2525 Robinhood St., Ste 205
>Houston, Texas 77005
>P: (713) 322-9993
>F: (713) 583-3114
>Email: sydney@womacktriallawyers.com
>Email: jessica@womacktriallawyers.com
>
>ATTORNEY FOR PLAINTIFFS